IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES REEM,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>VICKI HENNESSY,<br><br>　　　　　Respondent. | Case No. 17-cv-06628-CRB<br><br>**ORDER DENYING MOTION TO DISMISS AND GRANTING PETITION FOR HABEAS CORPUS** |

　　　　James Reem petitions this Court for a writ of habeas corpus. He argues that he is being detained by the State of California in violation of the United States Constitution because the state magistrate set bail so high as to convert his conditional release to a pretrial detention order, which imposes additional constitutional requirements that the hearing before the magistrate did not satisfy. California's Attorney General agrees that Reem is being detained in violation of the constitution. Nevertheless, the Attorney General apparently prefers that Reem remain in custody. He argues that granting Reem's petition would inappropriately interfere with state criminal proceedings against Reem. On the contrary, this is precisely the type of situation the writ is intended to address. The Court therefore GRANTS Reem's petition. However, this order is STAYED for 48 hours to afford the state court an opportunity to conduct another detention hearing that accords with constitutional requriements.

　　　　Reem, a 53-year-old San Francisco resident, has been detained in state prison pending trial. The due process clauses of the Fifth and Fourteenth Amendments bar pretrial detention unless detention is necessary to serve a compelling government interest. Lopez-Valenzuela, 770 F.3d at 780. A state may, however, impose conditions on an

arrestee's release, such as bail. Bail is a security, whether in the form of cash or a bond, given for the purpose of ensuring the appearance of the defendant in court. In re Underwood, 508 P.2d 721, 723–75 (Cal. 1973). "[B]ail set at a figure higher than an amount reasonably calculated to fulfill [its] purpose [of assuring the presence of the accused at trial] is 'excessive' under the Eighth Amendment." Lopez-Valenzuela v. Arpaio, 770 F.3d 772, 777 (9th Cir. 2014) (quoting Stack v. Boyle, 342 U.S. 1, 5 (1951)). Setting excessive bail amounts to ordering pretrial detention, triggering the procedural requirements applicable to such an order. United States v. Mantecon-Zayas, 949 F.2d 548, 550–51 (1st Cir. 1991).

Reem was arrested on July 28, 2017, and charged with several felony and misdemeanor offenses. Dkt. 1 Ex. A at 40–47. At his arraignment, defense counsel requested release without financial conditions. The magistrate denied this request, setting bail at $330,000. Dkt. 1 Ex. A at 58. Reem moved to reduce bail, arguing that the amount set was unreasonably high, and that, in the alternative, the magistrate failed to make the required findings for a pretrial detention order. A different magistrate denied the request. Dkt. 1 Ex. A at 97–98.

On Sept. 11, Reem filed a petition for a writ of habeas corpus in the California Court of Appeal. The court summarily denied his petition on Sept. 14. Dkt. 1 Ex. B at 40. Reem next petitioned for review in the California Supreme Court. The Attorney General filed a statement of non-opposition, acknowledging that Reem's detention had no legal basis. Dkt. 1 Ex. C. The California Supreme Court denied the petition for review on Nov. 15. Dkt. 1 Ex. D. The following day, Reem filed an "emergency petition for writ of habeas corpus" in this Court. The Attorney General moved to dismiss the petition on Nov. 22, and Reem filed his opposition on Nov. 27.

Because Reem is not in custody "pursuant to the judgment of a state court," see 28 U.S.C. § 2254(a), this Court reviews Reem's claims under 28 U.S.C. § 2241, which implements the "general grant of habeas corpus authority," see Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008). Review under § 2241 is de novo. Id. at 736.

Having declined to defend the constitutionality of Reem's detention before the California Supreme Court, the Attorney General does not do so here. Nevertheless, he argues that this Court lacks authority to grant Reem's petition for a writ of habeas corpus. Specifically, he contends that the Court should abstain from hearing the case under Younger v. Harris, 401 U.S. 37, 46 (1971).

But Younger is inapposite. That case concerned the question of whether and when a federal court may enjoin the enforcement of a statute in an ongoing state criminal prosecution. See Samuels v. Mackell, 401 U.S. 66, 69 (1971). Reem is not trying to halt his prosecution for the offenses with which he has been charged. Rather, he is challenging the decision to confine him prior to trial. That decision was made months ago, and Reem has exhausted his state appeals. Given that he has satisfied the exhaustion requirement—a fact the state does not appear to dispute—Younger does not preclude federal habeas relief. The exhaustion requirement addresses the same concerns of comity between federal and state courts as Younger does. See Dickerson v. State of La., 816 F.2d 220, 225–26 (5th Cir. 1987) ("The exhaustion doctrine of section 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process.").

A number of circuit courts have entertained habeas petitions alleging unconstitutional detention or excessive bail prior to trial. See Atkins v. People of State of Mich., 644 F.2d 543, 549 (6th Cir. 1981) ("The protection against unreasonable bail pending trial has been found by the federal courts to be one of the few rights . . . whose vindication may be asserted prior to trial, either by direct appeal of an adverse interlocutory order or by a petition for habeas corpus.") (emphasis added); accord, Finetti v. Harris, 609 F.2d 594, 599 (2d Cir. 1979); Jenkins v. Harvey, 634 F.2d 130, 132 (4th Cir. 1980); Meechaicum v. Fountain, 696 F.2d 790, 792 (10th Cir. 1983). The Supreme Court has also recognized the right to bring a habeas petition prior to trial. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 488 (1973) (allowing petitioner to raise

speedy trial claim prior to trial where he had exhausted available state remedies).  As has the Ninth Circuit.  Stow v. Murashige, 389 F.3d 880, 886 (9th Cir. 2004) ("[T]he general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment—for example, a defendant in pre-trial detention or awaiting extradition.") (emphasis added).

Against these authorities, the Attorney General offers up an unpublished Ninth Circuit case, Lazarus v. Baca, 389 Fed. App'x 700 (9th Cir. 2010), and a slew of district court cases citing Lazarus.  Lazarus cited none of the circuit court cases analyzing this issue, reasoning only that granting a writ of habeas corpus to release a prisoner from pre-trial detention would interfere with a pending state criminal prosecution by increasing the chance that the prisoner will not appear at trial.  This argument fails on both the facts and the law: on the facts, because the state could simply hold another (constitutionally adequate) detention hearing; on the law, because this is not the type of interference Younger had in mind.  Younger concerned a federal court's decision to enjoin a district attorney from prosecuting an individual under a state statute.  Younger, 401 U.S. at 38–40.  That is plainly not the situation here: granting habeas relief will have no direct effect on Reem's prosecution.  The Court thus finds Lazarus and the cases relying on it unpersuasive.[1]

The Attorney General next pushes policy considerations into the ring, noting that the Legislature is considering reforms to the state's pretrial detention system "based in part on policy concerns similar to those that petitioner seeks to place before the Court."  Mot. at 7.  But Reem is not arguing that he is entitled to habeas relief as a matter of public policy.

---

[1] To be clear, the Court disagrees with the reasoning of the following cases: Bautista v. California, 2016 U.S. Dist. LEXIS 135005, at *2–4 (C.D. Cal. 2016) (citing Lazarus); Bartmann v. Unknown, 2015 U.S. Dist. LEXIS 171906, at *1–2 (C.D. Cal. 2015) (citing Lazarus); Torelli v. L.A. State Police, 2014 U.S. Dist. LEXIS 145623, at *1–6 (C.D. Cal. 2014) (citing Lazarus); Goldsmith v. Lewis & Clark Cty., 2014 U.S. Dist. LEXIS 27718, at *10–11 (D. Mont. 2014) (citing Lazarus); Hunter v. Youngblood, 2013 U.S. Dist. LEXIS 174315, at *2–7 (E.D. Cal. 2013) (citing Lazarus); Nesbitt v. California, 2012 U.S. Dist. LEXIS 180594, at *2–7, adopted, 2012 U.S. Dist. LEXIS 180593 (C.D. Cal. 2012) (citing Lazarus); Robinson v. Sniff, 2009 U.S. Dist. LEXIS 36391, at *2–3 (C.D. Cal. 2009).  Merrick v. Ornell is distinguishable because the petitioner in that case did not exhaust his state remedies.  See 1997 U.S. Dist. LEXIS 24410, at *2 (N.D. Cal. 1997).

He is arguing that he is entitled to it as a matter of constitutional law. The Attorney General quickly adds that he agrees—then goes on to insist that his concession that Reem's detention is unconstitutional is a reason to <u>deny</u> habeas relief. Mot. at 7. The Court doesn't understand this argument. However, it is pleased to know the Attorney General will understand why Reem's petition for relief from his illegal detention on a writ of habeas corpus is GRANTED.

The Court's order is STAYED 48 hours to allow the state to make a determination as to whether its detention of Reem is "narrowly tailored to serve a compelling state interest." <u>Lopez-Valenzuela v. Arpaio</u>, 770 F.3d 772, 780 (9th Cir. 2014) (citing <u>Reno v. Flores</u>, 507 U.S. 292, 302 (1993)). If there are alternatives to detention, including release on <u>constitutionally permissible</u> conditions, that would satisfy the state's interests in ensuring Reem's appearance at trial and/or ensuring the safety of the community, then the state must release Reem subject to those conditions. However, given Reem's circumstances, the ability to post a bail amount or property to secure compliance with the terms of release shall not be a factor in conditioning the defendant's liberty.

**IT IS SO ORDERED.**

Dated: Nov. 29, 2017

_____
CHARLES R. BREYER
United States District Judge