IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES REEM,<br><br>    Petitioner,<br><br>v.<br><br>VICKI HENNESSY,<br><br>    Respondent. | Case No. 17-cv-06628-CRB<br><br>**ORDER DIRECTING PARTIES TO SUBMIT SUPPLEMENTAL BRIEFING** |

    On Nov. 16, 2017, James Reem filed a petition for a writ of habeas corpus in this Court, challenging his conditional release on bail. Dkt. 1. Arguing on behalf of the respondent, the California Attorney General did not dispute that Reem was entitled to the writ, but instead argued that this Court should abstain from deciding the matter under Younger v. Harris, 401 U.S. 37 (1971). It did not brief the merits.

    On Nov. 29, the Court granted Reem's petition, but stayed its order to afford the California Superior Court an opportunity to hold another detention hearing. The Superior Court did so, see dkt. 11, and Reem moved this Court to withdraw the stay, arguing that the hearing afforded was constitutionally inadequate, dkt. 9. The parties appeared before this Court today, Dec. 4, to discuss whether the stay should be withdrawn. At the hearing, it became apparent that, unlike in the earlier detention hearings in Reem's case, there are significant disputes between the parties not only as to whether the Nov. 30 hearing was adequate, but as to what the Due Process Clause requires of pretrial detention hearings, particularly those where the defendant is indigent.

    Further briefing from the parties would be helpful in resolving these issues and ultimately determining whether to grant Reem's request to withdraw the stay. Given the

important interests at stake, the Court sets an expedited simultaneous briefing schedule. It ORDERS the parties to file briefs of no more than 25 pages by Dec. 11 and simultaneous reply briefs of no more than 10 pages by Dec. 14. The Court will hold a hearing in this matter at 10 a.m. on Dec. 15.

The parties are requested to address the following issues in their opening briefs:

(1) What is the proper evidentiary burden for a detention hearing?

(2) What particular procedures is the defendant entitled to under <u>Matthews v. Eldridge</u>, 424 U.S. 319 (1976)? The Court is particularly interested in what the governing rules of evidence are.

(3) Did the Nov. 30 state court hearing comport with Reem's right to procedural due process?

The Court's Nov. 29 order granting the writ of habeas corpus is stayed until further order of the Court.

**IT IS SO ORDERED.**

Dated: Dec. 4, 2017

CHARLES R. BREYER
United States District Judge