IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES REEM,<br><br>    Plaintiff,<br><br>v.<br><br>VICKI HENNESSY,<br><br>    Defendant. | Case No. 17-cv-06628-CRB<br><br>**ORDER GRANTING MOTION TO WITHDRAW STAY** |

This case involves a habeas appeal by an indigent defendant, James Reem. Reem is being detained by the State of California pending trial because he is unable to make bail, which has been set at $330,000. Since holding that Reem's initial detention hearing in state court was unconstitutional, this Court has granted the Superior Court two additional opportunities to articulate a constitutional basis for detaining Reem pending trial. Both times, the Superior Court failed to do so. Accordingly, this Court ORDERS Reem's release.

**I.  BACKGROUND**

Reem, a 53-year-old San Francisco resident, was homeless and unemployed at the time of his arrest on July 28, 2017. The state does do not dispute that he lacks the ability to make bail in any amount.

At Reem's arraignment in state court on Aug. 1, 2017, defense counsel requested release without financial conditions. The magistrate denied this request, instead setting bail at $330,000. Aug. 1 Hearing Tr. (dkt. 1-2 at 58). Reem appealed, eventually making his way to this Court on a petition for habeas corpus. This Court granted that petition on Nov.

29, on the ground that the state's pre-trial detention of Reem violated his right of procedural due process because the Superior Court had failed to properly consider non-monetary alternatives to detention.

This Court stayed its order, however, to allow the Superior Court to hold another detention hearing. While the Superior Court initially seemed inclined to rule that detention was appropriate because Reem presented a risk of flight, it eventually decided to "release" him on $330,000 bail on the basis that he was a danger to the community. Dec. 5 Superior Court Order (dkt. 16). The Superior Court acknowledged that this amounted to a detention order, given Reem's inability to post bail in any amount. Id.

Reem promptly filed a motion with this Court to withdraw its previous stay. The Court granted that motion on the ground that there is no rational relationship between money bail and protecting the public under California law. It held that the Superior Court's order violated the Equal Protection Clause because Reem would have gone free for no reason other than his wealth, had he been able to obtain the money. Order Withdrawing Stay (dkt. 26).

This Court again stayed its order to afford the Superior Court the opportunity to hold a constitutionally adequate detention hearing. The Superior Court held a hearing and issued a written order on Dec. 22, again ordering Reem detained. Dec. 22 Tr. (dkt. 27-1). This time, it based its decision on the fact that Reem would pose a "significant" risk of flight were he released. Dec. 22 Detention Order (dkt. 27-2) at 2. The Superior Court reasoned as follows:

> The San Francisco Police Department Criminal History Record shows at least four bench warrants. The Court has considered the circumstances of two bench warrants that were issued while he was in custody on other criminal proceedings. Defendant offers no competent evidence of any ties to the community. The CLETS printout clearly shows a pattern of escalating criminal behavior and a history of resisting arrest. . . Defendant has also been the subject of multiple probation and parole revocation hearings. His sentencing exposure is up to 22 years. Defendant has no incentive to return to Court.

Id. at 2.

1    Following the Dec. 22 hearing, Reem again moved this Court to withdraw the stay
2    and order his release. That motion is now before the Court.

## II. LEGAL STANDARD

Because Reem is not in custody "pursuant to the judgment of a state court," see 28 U.S.C. § 2254(a), this Court reviews his claims under 28 U.S.C. § 2241, which implements the "general grant of habeas corpus authority," see Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008). Review under § 2241 is de novo. Id. at 736.

In part, Reem argues that the stay should be withdrawn because the Superior Court violated his procedural due process rights by failing to provide sufficient evidentiary safeguards. See Washington v. Harper, 494 U.S. 210, 228 (1990). Due process is a "flexible" inquiry, and the procedures required in any given situation depend on the particular circumstances at hand. Mathews v. Eldridge, 424 U.S. 319, 334 (1976). For instance, due process recognizes that an evidentiary hearing is "neither a required, nor even the most effective, method of decisionmaking in all circumstances." Id. at 348. The key is that a person "in jeopardy of serious loss" be "given a meaningful opportunity to present [her] case." Id. at 348–49.

To determine what procedures apply in a given situation, courts weigh

> (1) the burdens that a requested procedure would impose on the Government against (2) the private interest at stake, as viewed alongside (3) "the risk of an erroneous deprivation" of that interest without the procedure and "the probable value, if any, of [the] additional . . . procedural safeguard[ ]."

Kaley v. United States, —U.S.—, 134 S. Ct. 1090, 1100 (2014) (quoting Mathews, 424 U.S. at 335) (alterations in original)). In simpler terms, courts balance the marginal benefits of additional procedural requirements against their marginal costs. The Mathews test recognizes that "[a]t some point the benefit of an additional safeguard to the [affected] individual . . . and to society in terms of increased assurance that the action is just . . . may be outweighed by the cost." 424 U.S. at 348.

The required procedural protections may be separated into two categories. First,

3

there is the question of what formal procedures a defendant is entitled to. Second, there is the issue of what evidentiary burden of proof a state must meet if it wishes to detain a charged defendant prior to trial. This order focuses on the first category.

The parties are in agreement as to the basic procedural protections required by due process in the context of pre-trial detention hearings. Specifically, they agree that due process requires notice, an adversarial hearing with counsel, and an opportunity to present and confront evidence. See Bail Reform Act of 1984, 18 U.S.C. § 3142(i) (The defendant "may request the presence of counsel at the detention hearing, he may testify and present witnesses in his behalf, as well as proffer evidence, and he may cross-examine other witnesses appearing at the hearing."). The parties also agree that the evidence may come from proffers—it need not satisfy federal or state rules regarding what evidence is admissible at trial. However, any evidence admitted must have sufficient indicia of reliability, and the court must consider competing evidence. See United States v. LaFontaine, 210 F.3d 125, 131 (2d Cir. 2000) ("[W]hile the informality of bail hearings serves the demands of speed, the magistrate or district judge must also ensure the reliability of the evidence, by selectively insisting upon the production of the underlying evidence or evidentiary sources where their accuracy is in question."). In addition, a court presiding over a detention hearing must provide a reasoned decision on the record, such that a reviewing court may evaluate whether the hearing comported with due process.

### III. DISCUSSION

Among other things, Reem contends that the Superior Court failed to provide procedural safeguards sufficient to ensure the accuracy of its determination regarding Reem's past history of attending court-ordered hearings. The Public Safety Report ("PSR")—the system on which the Superior Court relies in determining whether a criminal defendant poses a threat to public safety—found that Reem's record indicated zero prior failures to appear. PSR (dkt. 1-2) at 89. The prosecutor, however, maintained that Reem in fact had four such failures. At the Dec. 22 hearing, Reem introduced evidence tending

4

to show that he had made 23 required court appearances and missed two. Tr. of Dec. 22 hearing (dkt. 27-1) at 2–3. Reem also introduced evidence tending to show that he was unable to make those two appearances because he had been in custody in another jurisdiction at the time. Id. After reviewing the evidence, the prosecutor conceded that Reem had never willfully failed to appear at a court-ordered hearing, consistent with the finding contained in the PSR. Id. at 11.

Nevertheless, the Superior Court in its written order found that Reem's record revealed "at least four bench warrants," only two of which were excused. Superior Court Order (dkt. 27-2) at 2. This implies that Reem had two unexcused failures to appear—a fact that the state had conceded was untrue. The Superior Court offered this determination as one of the facts supporting its finding that there were no reasonable alternatives to detention that could sufficiently mitigate Reem's risk of flight. Id.

As explained above, defendants are not entitled to trial-type evidentiary standards at pre-trial detention hearings. A court may rely on proffers, and may require evidence to be produced only selectively. However, due process requires courts to employ procedures that meet minimum standards of reliability. See, e.g., LaFontaine, 210 F.3d at 131. Here, the Superior Court, in the face of competent evidence produced by the defense, not to mention the finding of its own pre-trial reporting system, relied on nothing more than a bare assertion by the state that Reem had willfully neglected to attend previous court hearings. In other words, it relied on evidence that lacked any indicia of reliability, and disregarded competent competing evidence. Thus, the Superior Court plainly failed to employ adequate procedural safeguards. This failure was inconsistent with Reem's right to due process of law.

**IV. CONCLUSION**

After initially granting the writ, this Court imposed an indefinite stay twice in these proceedings in order to allow the state to provide a constitutionally adequate detention hearing. In other words, it granted the writ conditionally, which is appropriate where the

state's error may be remedied by following different procedures. See Harvest v. Castro, 531 F.3d 737, 741 (9th Cir. 2008). "Conditional orders are essentially accommodations accorded to the state, in that conditional writs enable habeas courts to give States time to replace an invalid judgment with a valid one." Id. at 742 (internal quotation marks and citations omitted). Here, the state has twice failed to correct the constitutional deficiencies in its order. Accordingly, Reem must be released. Id. ("The consequence when the State fails to replace an invalid judgment with a valid one is 'always release.'" (quoting Wilkinson v. Dotson, 544 U.S. 74, 87 (2005) (Scalia, J., concurring))). The state puts forth no reason why Reem's case is exceptional, such that it should be granted a third opportunity to rectify the constitutional defect in its order. See id. at 746 (noting that excusable neglect may represent valid reason to reopen conditional writ under Federal Rule of Civil Procedure 60(b)).

Accordingly, the Court **ORDERS** Reem released from custody within 24 hours—that is, by **5 p.m. on March 13, 2018**. While the Superior Court may hold another hearing to impose non-monetary conditions of release on Reem pending trial, it may not continue to detain him, and may not "release" him subject to posting bail, given the Superior Court's finding that he has no ability to pay bail in any amount.

California may argue that the procedures identified in this order are unduly onerous. However, the state's interest in efficient bail proceedings does not trump defendants' constitutional rights. Accordingly, the motion to withdraw the stay and grant the writ unconditionally is **GRANTED**.

**IT IS SO ORDERED**.

Dated: March 12, 2018

CHARLES R. BREYER
United States District Judge