IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES REEM,<br>    Plaintiff,<br>v.<br>VICKI HENNESSY,<br>    Defendant. | Case No. 17-cv-06628-CRB<br><br>**ORDER DENYING MOTION TO REOPEN UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(B)** |

Petitioner James Reem moves for this Court to reopen proceedings in this matter and reinstate this Court's previous order granting habeas corpus to Reem. Dkt. 50; see also Dkt. 49. Because Reem has not exhausted his remedies under state law, the Court DENIES this motion.

## I. BACKGROUND

Reem is charged under California law with having committed a variety of crimes. Dkt. 1-1 at 2. After his arraignment for these charges in state court, he sought to be released on his own recognizance, which the judge denied. Id. at 3. The judge instead set bail in the amount of $330,000. Id. Reem, who experiences homelessness, could not afford to pay that amount. Id.

Reem then sought relief as to this unaffordable bail amount in the California Court of Appeal, Dkt. 1-2, and the California Supreme Court, Dkt. 1-3. After this proved unsuccessful, Reem filed a petition in this Court pursuant to 28 U.S.C. § 2241. Dkt. 1. This Court granted that petition on the ground that, as the California Attorney General conceded, his bail amount was unconstitutional because the magistrate had set that unpayable amount without considering non-monetary alternatives. Dkts. 8 at 2-5, 26; see also Stow v. Murashige, 389 F.3d 880, 886 (9th Cir. 2004) ("[T]he general grant of habeas

authority in § 2241 is available for challenges by . . . a defendant in pre-trial detention[.]"). On March 12, 2018, this Court ordered Reem released and cautioned that "[w]hile the Superior Court may hold another hearing to impose non-monetary conditions of release on Reem pending trial, it may not continue to detain him, and may not 'release' him subject to posting bail, given the Superior Court's finding that he has no ability to pay bail in any amount." Dkt. 40 at 6.

Reem was then released on non-monetary conditions, including that he not use drugs and that he attend programming through the Community Assessment Services Center, on March 13, 2018. Dkt. 54 at 3. On May 10, 2018, Reem was remanded into custody on $250,000 bail when the superior court determined that Reem had tested positive for drug use in his mandated drug tests and missed several of his required classes, both in violation of the non-monetary conditions of his pretrial release. Id. Exh. A at 2-5, 9. Reem is now in custody. Dkt. 54 at 3.

Reem then filed the instant motion before this Court. Dkt. 50. He now asks this Court to reopen his case and order the superior court to release him. Dkt. 50; see also Dkt. 54 at 3.[1]

## II. DISCUSSION

Reem brings a claim for habeas corpus pursuant to 28 U.S.C. § 2241. Dkts. 1, 8, 26. One prerequisite to bringing such a claim in federal court is that the Petitioner "must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." Picard v. Connor, 404 U.S. 270, 275 (1971). As a result, before it can reach the merits of Reem's claim, this Court must first decide whether Reem has exhausted the state remedies of his present claim.[2]

---

[1] Although Reem was represented in the prior proceeding, Reem has discontinued representation by the Public Defender and elected to proceed pro se in this motion. Dkt. 52.
[2] Respondent notes that "[i]t is unclear whether Rule 60(b) is the appropriate vehicle for petitioner's motion," but urges that because any new claim must first be exhausted regardless of whether raised in a new habeas petition or by way of a motion under Rule

2

1     There is no dispute that Reem adequately exhausted his state remedies before filing the first motion in this case by seeking relief in both the California Court of Appeal (Dkt. 1-2) and the California Supreme Court (Dkt. 1-3); Dkt. 8, 26, 54 at 2. Respondent argues, however, that Reem's subsequent positive drug tests and missed classes—violations of non-monetary conditions of his release—have sufficiently altered the facts of this case as to render the instant motion a "new claim." Dkt. 54 a 3-6. If that is true, then Reem's current petition is unexhausted, because he has not yet sought relief in state court. See id.

A claim will be considered a "new claim," and thus the party presenting it under § 2241 will be required to exhaust it anew if, as relevant here, there are "new factual allegations" that "fundamentally alter the legal claim already considered by the state courts." Dickens v. Ryan, 740 F.3d 1302, 1318 (9th Cir. 2014) (quoting Vasquez v. Hillery, 474 U.S. 254, 260 (1986)); accord Humphrey v. Cady, 405 U.S. 504, 516 n.18 (1972) ("The question on remand is whether any of petitioner's claims is so clearly distinct from the claims he has already presented to the state courts that it may fairly be said that the state courts have had no opportunity to pass on the claim.").

The changes to the facts of this case unequivocally have "fundamentally alter[ed] the legal claim" that Reem previously presented to California state courts. And that is so because Reem's previous motion argued that he was being held in violation of the Equal Protection Clause "because the state magistrate had ordered him released on $330,000 bail without considering non-monetary alternatives, such as reporting or electronic monitoring, that would ensure his appearance at trial." Dkt. 26 at 1; see also Dkt. 1. This Court thus held that Reem's pretrial proceeding was in violation of the Supreme Court's admonishment that "the Equal Protection Clause bars states from imprisoning an individual 'solely because of his indigency.'" Dkt. 26 at 8 (quoting Tate v. Short, 401 U.S. 395, 398 (1971)).

---

60(b) . . . the Court need not address that procedural issue at this time." Dkt. 54 at 3 n.2. This Court agrees, because exhaustion is a statutory requirement of § 2241 claims, and Rule 60(b) could not alter the statutory command." Pitchess v. Davis, 421 U.S. 482, 489 (1975).

3

Since that determination, however, the state has held additional bond hearings and attempted some of the non-monetary alternatives to monetary bail this Court mentioned in its previous order. Dkt. 54 Exhs. A, B; see also Dkt. 26. The setting of Reem's current bond at $250,000 was not premised solely on an interest in public safety, as the prior $330,000 bail amount was, see Dkt. 26 at 3, but also on Reem's repeated violations of the conditions of his pretrial release. Dkt. 54 Exhs. A, B. Given that the underlying facts on which this Court's prior decision was based have changed, it cannot be said that Reem "has already presented [this claim] to the state courts" or "that it may fairly be said that the state courts have had no opportunity to pass on" it. See Humphrey, 405 U.S. at 516 n.18. So, the new factual circumstances, namely Reem's positive drug tests and failure to appear at classes, both in violation of the terms of his pretrial release, "fundamentally alter the legal claim already considered by the state courts.'" Dickens, 740 F.3d at 1318 (9th Cir. 2014) (quoting Vasquez, 474 U.S. at 260).[3]

Reem must thus exhaust state court remedies before he can seek habeas corpus relief in this court, for instance by seeking, as he did before, habeas relief in state court. See In re McSherry, 112 Cal. App. 4th 856, 859 (2003); Dkts. 1-2, 1-3.

### III. CONCLUSION

For the foregoing reasons, Petitioner's Rule 60(b) Motion is DENIED.

**IT IS SO ORDERED.**

Dated: December 12, 2018



CHARLES R. BREYER
United States District Judge

---

[3] The Court expresses no view as to whether, on these new facts, Reem's $250,000 bond is or is not in violation of the Equal Protection Clause.